UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| CHERYL A. LYES,<br>ON BEHALF OF HERSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>                Plaintiff,<br>v<br><br>CLIENT SERVICES, INC.,<br><br>                Defendant. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Cheryl A. Lyes [hereinafter "Lyes"], on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Client Services, Inc. [hereinafter "Client Services"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Client Services's regular transaction of business within this district. Venue in this district also is proper based on Client Services possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Client Services also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Lyes is a natural person who resides at 201 Holland Avenue, Medford, NY 11763.

6. Lyes is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about August 28, 2017, Client Services sent Lyes the letter annexed as Exhibit A. Lyes received and read Exhibit A. For the reasons set forth below, Lyes's receipt and reading of Exhibit A deprived Lyes of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Client Services sent Exhibit A to Lyes in an attempt to collect a past due debt.

9. The past due debt referred to in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Citibank, N.A. for her individual use, individually incurring charges by using the credit card account and then, as an individual, failing to pay for these charges. Client Services, via Exhibit A, attempted collect the past due debt from Lyes in her individual capacity. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Client Services is a Missouri Corporation.

11. Based upon Exhibit A and upon Client Services possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Client Services is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. On Exhibit A, Client Services identifies itself as a "debt collector" attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon the allegations in the above two paragraphs, Client Services is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

14. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

15. Exhibit A is the written notice required under 15 USC § 1692g(a).

16. Exhibit A sets forth the "New Balance" on the date of Exhibit A and a "Minimum Payment Due", and also contains the following statement:

> "As of the date of this letter, the balance due is $675.71. On the date you make a payment, the balance due may be greater because of interest or other charges. If an adjustment is necessary after we receive payment, we will attempt to contact you."

17. However, Exhibit A did not explain whether interest or other charges actually were accruing.

18. Exhibit A also did not explain the basis for the accrual of any interest or other charges, and did not set forth what Lyes would need to pay to resolve the debt at any given moment in the future.

19. For one or more of the above reasons, Exhibit A did not set forth the amount of the "debt"; and therefore Defendants violated 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10) as a result of F&G sending Exhibit A to Kiriolva.

## SECOND CAUSE OF ACTION-CLASS CLAIM

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

21. Exhibit A is the written notice required under 15 USC § 1692g(a).

22. Exhibit A sets forth the "New Balance" on the date of Exhibit A and a "Minimum Payment Due", and also contains the following statement:

> "As of the date of this letter, the balance due is $675.71. On the date you make a payment, the balance due may be greater because of interest or other charges. If an adjustment is necessary after we receive payment, we will attempt to contact you."

23. If on the date of Exhibit A, Citibank N.A. actually was accruing interest or other charges, the statement set forth in the above paragraph, amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

25. Exhibit A is the written notice required under 15 USC § 1692g(a).

26. Exhibit A sets forth the "New Balance" on the date of Exhibit A and a "Minimum Payment Due", and also contains the following statement:

> "As of the date of this letter, the balance due is $675.71. On the date you make a payment, the balance due may be greater because of interest or other charges. If an adjustment is necessary after we receive payment, we will attempt to contact you."

27. If on the date of Exhibit A, Citibank N.A. actually was not accruing interest or other charges, the statement set forth in the above paragraph, amounted to a false, deceptive or

misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

28. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

29. Exhibit A is the written notice required under 15 USC § 1692g(a).

30. Exhibit A sets forth the "New Balance" on the date of Exhibit A and a "Minimum Payment Due", and also contains the following statement:

> "As of the date of this letter, the balance due is $675.71. On the date you make a payment, the balance due may be greater because of interest or other charges. If an adjustment is necessary after we receive payment, we will attempt to contact you."

31. Based upon the above statements, the least sophisticated consumer could believe that paying the "Minimum Payment Due" will prevent the accrual of interest or other charges.

32. However, if on the date of Exhibit A Citibank N.A. was accruing interest or other charges until payment of "New Balance", the statements set forth in the above paragraph, amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

34. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SIXTH CAUSE OF ACTION-CLASS CLAIM

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

36. As a result of sending Exhibit A to Bishop, Defendant violated of 15 USC 1692g.

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

38. The class consist of (a) all natural persons (b) who received a letter from Client Services dated between August 28, 2017 and the present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

39. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

40. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

41. The predominant common question is whether Defendant's letters violate the FDCPA.

42. Plaintiff will fairly and adequately represent the interests of the class members.

43. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

44. A class action is the superior means of adjudicating this dispute.

45. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

      2.   Any and all other relief deemed just and warranted by this court.

Dated:       August 28, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107